UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMADA WORLDWIDE INC., | Civ. No. 15-7528 (KM) (MAH) |
| Plaintiff, | |
| v. | OPINION |
| KEY HOTEL OF BREWTON, L.L.C.; DIPAN PATEL; ANAND PATEL; SARJU PATEL, | |
| Defendants. | |

**MCNULTY, U.S.D.J.:**

This matter comes before the Court on the unopposed motion of Plaintiff Ramada Worldwide Inc. ("Ramada") for default judgment against Defendants Key Hotel of Brewton, LLC, which is an Alabama Limited Liability Company, and three individuals, Sarju Patel, Dipan Patel, and Anand Patel ("S. Patel", "D. Patel", and "A. Patel"). For the reasons set forth below, I will grant the motion and enter default judgment against the defendants in the amount of $299,880.29.

**BACKGROUND**

Ramada is a Delaware corporation with its principal place of business in New Jersey. (Complaint, Dkt. No. 1 ("Compl.") ¶ 1) Defendants are citizens of Alabama. The court's jurisdiction is invoked under 28 U.S.C. § 1332(a).

This suit arises from a franchise agreement entered into between Ramada and Key Hotel on October 27, 2011 ("FA", ECF no. 7-3), pursuant to which Key Hotel would operate 90-room hotel under the Ramada name in Brewton, Alabama for a fifteen year term.

The Franchise Agreement obligated Key Hotel to operate the hotel in compliance with System Standards, Approved Plans, and a Punch List,

1

enforced by periodic quality assurance Inspections by Ramada. Section 7, section 18.1, and Schedule C required Key Hotel to make periodic payments fr royalties, service assessments, tases, interest, reservations system user fees, and other fees ("Recurring Fees"). Past due amounts were subject to interest at 1.5% per month. (FA § 7.3) Key Hotel had to report monthly as to gross revenues so Recurring Fees could be calculated. It undertook to maintain accurate financial and other records. (FA § 3.6)

The Franchise Agreement provided that Ramada could terminate, on notice, for reasons including failure to pay amounts due; failure to remedy any other default of obligations or warranties under the Agreement within 30 days after receiving notice, or receipt of two or more notices of default within a one year period, regardless of whether the defaults were cured. (FA § 11.2) In the event of termination, Key Hotel agreed to pay liquidated damages, attorney's fees, and costs. (FA §§ 12.1, 18.2, 17.4)

D. Patel, A. Patel, and S. Patel executed a Guaranty of Key Hotel's obligations under the Franchise Agreement. (ECF no. 7-4 at 2) It, too, contained an attorney's fees provision.

On January 16, 2015, Ramada notified Key Hotel that it had failed a quality assurance inspection, and that it was in breach because it owed $134,842.17 in Recurring Fees. (ECF no. 7-4 at 4) A similar notice on February 3, 2015, upped the total to $135,080.48. (ECF no. 7-4 at 16) On March 12, 2015, Ramada advised Key Hotel that the Fire Marshal had closed the facility based on hazardous and unsanitary conditions, that it was in default, and that failure to cure within 10 days would subject it to termination. (ECF no. 7-4 at 27) On April 9, 2015, Ramada sent notice that outstanding Recurring Fees totaled $164,486.76. (ECF no. 7-4 at 32) By letter dated April 29, 2015, Ramada terminated the Franchise Agreement and demanded, inter alia, payment of outstanding Recurring Fees, interest, and liquidated damages. (ECF no. 7-5 at 2) An itemized statement shows $199,450.99 in outstanding

Recurring Fees, liquidated damages of $90,000, and $10,429.30 interest,[1] for a total of $299,880.29. (ECF no. 7-5 at 25)

## LEGAL STANDARD AND DISCUSSION

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Fed. Prac. & P. Civil 3d § 2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Doe*, 2013 WL 3772532, at *2.

### I. Prerequisites for Entry of Default Judgment

Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the

---

[1] The figures for liquidated damages and interest appear to be reversed on the statement (ECF no. 7-5 at 25). The total is unaffected.

defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules, which is twenty-one days. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a).

Service of an individual may be made by personal service, leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion, delivering a copy of the summons and complaint with an agent for service of process, or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made. Fed. R. Civ. P. 4(e).

Service of a corporate entity may be made by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1).

New Jersey law states in relevant part that service on a corporation may be made

> by serving a copy of the summons and complaint . . . on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties.

N.J. Ct. R. 4:4-4(a)(6).[2]

---

[2] If, despite diligent efforts, personal service cannot be made in accordance with N.J. Ct. R. 4:4-4(a)(1), *in personam* jurisdiction may nevertheless be obtained over any defendant by substituted or constructive service, in accordance with N.J. Ct. R. 4:4-4(b)(1)(C), by

4

Here, the prerequisites for default judgment have been met. The complaint was filed on October 16, 2015. (ECF no. 1) Defendants Key Hotel, D. Patel, and A. Patel were duly served on November 3, 2015. (ECF no. 5) Defendant S. Patel was served on November 4, 2015. (ECF no. 5) They had twenty-one days to file an answer or otherwise respond to the complaint pursuant to Fed. R. Civ. P. 12(a). No response was forthcoming. On December 15, 2016, the clerk entered default. (Docket Entry following ECF no. 6) Accordingly, I am satisfied that the prerequisites to filing a default judgment are met. *See Gold Kist*, 756 F.2d at 18–19.

## II.  Three Factor Analysis

After the prerequisites have been satisfied, a court must evaluate the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). Those factors, considered in light of the record of this case, weigh in favor of entry of a default judgment.

### a. Factor 1

My independent review of the record does not suggest that the claims asserted by Ramada that any defendant has a meritorious defense. *See Doe*, 2015 WL 3772532, at *5. Accepting the allegations in the Complaint as true,

---

mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail to: (1) a competent individual of the age of 14 or over, addressed to the individual's dwelling house or usual place of abode; (2) a minor under the age of 14 or a mentally incapacitated person, addressed to the person or persons on whom service is authorized by paragraphs (a)(2) and (a)(3) of this rule; (3) a corporation, partnership or unincorporated association that is subject to suit under a recognized name, addressed to a registered agent for service, or to its principal place of business, or to its principal place of business, or to its registered office.

N.J. Ct. R. 4:4-4(b)(3).

5

*Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990), I find that Ramada has successfully stated claims for relief.

The complaint (ECF no. 1) alleges the facts as set forth above, and attaches copies of the Franchise Agreement and Guaranty. It asserts six causes of action, which, in essence, amount to a claim for breach of contract against Key Hotel for failing to remit payment of the Recurring Fees and other damages, and for breach of the Guaranty against S. Patel, D. Patel, and A. Patel.

Under New Jersey law, a prima facie case for breach of contract requires that the plaintiff show: (1) a contract between the parties; (2) a breach of that contract; and (3) damages resulting from the breach. *See Coyle v. Englander's*, 199 N.J. Super. 212, 223 (App. Div. 1985); *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). The facts alleged in the Complaint establish that those elements are satisfied here. The declaration submitted in support of Ramada's motion and the exhibits annexed thereto corroborate those factual allegations. Both the Franchise Agreement and Guaranty are on their face valid and enforceable contracts. Those contracts were breached by Key Hotel's failure to pay certain of the Recurring Fees and damages, and the Guarantors' failure to personally pay the same. Ramada has accrued damages as a result of these breaches. In sum, the facts alleged by Ramada state a claim for breach of the Franchise Agreement and Guaranty. No meritorious defense to these claims is apparent from the record before me.

### b. Factors 2 and 3

The second and third factors weigh in favor of default. Defendants were properly served but have failed to appear and defend themselves in any manner. It is clear that Ramada has been prejudiced by this dereliction because it has been "prevented from prosecuting [its] case, engaging in discovery, and seeking relief in the normal fashion." *See Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (finding that a defendant's failure to answer prejudices

the plaintiff); *see also Gowan v. Cont'l Airlines, Inc.*, 2012 WL 2838924, at *2 (D.N.J. Jul. 9, 2012) ("[Plaintiffs] will suffer prejudice if the Court does not enter default judgment as Plaintiff[s] [have] no other means of seeking damages for the harm caused by Defendant."). Absent any evidence to the contrary, "the Defendant's failure to answer evinces the Defendant's culpability in [the] default." *Teamsters Pension Fund of Philadelphia & Vicinity*, 2011 WL 4729023 at *4. In this case, "there is nothing before the Court to show that the Defendant[s'] failure to file an answer was not willfully negligent." *Id.* (citing *Prudential Ins. Co. of America v. Taylor*, 2009 WL 536043, at *1 (D.N.J. Feb. 27, 2009) (finding that when there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful negligence, the defendant's conduct is culpable and default judgment is warranted).

Overall, then, the three factors support the entry of default judgment, and I will grant the motion for default judgment against the defendants.

### III.  Remedies

Ramada seeks $199,450.99 in outstanding Recurring Fees, liquidated damages of $90,000, and $10,429.30 interest, for a total of $299,880.29. (ECF no. 7-5 at 25) Ramada has submitted documentary evidence in support of its demands, while defendants have submitted nothing and have failed to appear or respond in any manner. An *ex parte* hearing would serve little additional purpose, so I rule based on the record before me.

I will grant Ramada's request for the principal amount of recurring fees due and interest on those fees. (*See* Fenimore Cert. ¶ 23) Ramada has documented recurring fees, and interest calculated at 1.5% monthly. (Fenimore Ex. 4, ECF no. 7-5 at 15)

I will also grant Ramada's request for liquidated damages the amount of $90,000.

> Damages for breach of either party may be liquidated in the agreement but only at an amount that is reasonable in the light of the anticipated or actual loss caused by the breach and the

7

difficulties of proof. A term fixing unreasonably large liquidated damages is unenforceable on grounds of public policy as a penalty.

*Restatement (Second) of Contracts* § 356(1) (1981) (quoted in *Wasserman*, 645 A.2d at 108.) The Court may examine the reasonableness of a liquidated damages clause "either at the time of contract formation or at the time of the breach." *Naporano Assocs., L.P. v. B & P Builders*, 706 A.2d 1123, 1128 (N.J. Super. Ct. App. Div. 1998) (quoting *Wasserman's Inc.*, 645 A.2d at 107). Whether an unambiguous liquidated damages clause is valid and enforceable is a question of law for the court. *Naporano*, 706 A.2d at 1127 (citing *Wasserman's*, 645 A.2d at 110). See also *Travelodge Hotels, Inc. v. Elkins Motel Associates, Inc.*, No. CIV. 03-799 (WHW), 2005 WL 2656676, at *10 (D.N.J. Oct. 18, 2005).

Liquidated damages, provided for under the terms of the Franchise Agreement, are meant to replace the income that Ramada would have received if not for the premature termination of the License Agreement. (Fenimore Aff., ECF no. 7-2, ¶ 26) I accept that such damages cannot be known with precision, and must be estimated. The parties agreed to a figure of $1,000 per guest room at the time of termination. (FA § 18.2) Ninety rooms yields a liquidated damages figure of $90,000. Ramada entered into the agreement for a fifteen year term, but was forced to terminate it after less than four years. The figure of $90,000 does not strike me as excessive.

**CONCLUSION**

For the foregoing reasons, the motion is granted. A default judgment will be entered against defendants, jointly and severally, in the amount of $299,880.29. Post-judgment interest will accrue from this date at the appropriate rate pursuant to 28 U.S.C. § 1961.

An appropriate order and judgment will issue.

_____
**KEVIN MCNULTY, U.S.D.J.**

Date: July 22, 2016